[Cite as *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 2012-Ohio-5708.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98592**

# THIRD FEDERAL SAVINGS & LOAN ASSOCIATION OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# JEAN BALDWIN RAINS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-742680

BEFORE:   Cooney, J., Stewart, P.J., and Keough, J.

RELEASED AND JOURNALIZED: December 6, 2012

ATTORNEY FOR APPELLANT

James R. Douglass
James R. Douglass Co., L.P.A.
20521 Chagrin Blvd., Suite D
Shaker Heights, OH 44122


ATTORNEYS FOR APPELLEE

Eric T. Deighton
Richard J. Feuerman
Carlisle, McNellie, Rini, Kramer & Ulrich Co. L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, OH 44122

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.   Defendant-appellant, Jean Baldwin Rains ("Rains"), appeals from the trial court's June 2012 confirmation of sale.   Finding no merit to the appeal, we affirm.

{¶2} In December 2010, plaintiff-appellee, Third Federal Savings and Loan Association of Cleveland ("Third Federal"), filed a foreclosure action against Rains and

moved for summary judgment. Rains filed a brief in opposition to the motion. In August 2011, the magistrate's decision granted summary judgment to Third Federal. No objections to the magistrate's decision were filed. In September 2011, the trial court entered an order of foreclosure, adopting the magistrate's order in its entirety, and entering judgment for Third Federal in the amount of $209,748.34.

{¶3} In October 2011, Rains appealed the trial court's order of foreclosure. This court granted her motion to stay the sheriff's sale pending the appeal. In February 2012, however, Rains filed a motion to dismiss her appeal. This court granted her motion, and the appeal was voluntarily dismissed.

{¶4} In June 2012, the foreclosed property was sold at sheriff's sale pursuant to the trial court's September 2011 order of foreclosure. That same month, the trial court issued a confirmation of sale, from which Rains now appeals. She has not sought a stay of the confirmation.

{¶5} In her sole assignment of error, Rains argues that the trial court erred in entering a confirmation of sale based on an earlier order of foreclosure that was not final and appealable.

{¶6} R.C. 2329.31 governs confirmation of judicial foreclosure sales and provides as follows:

Upon return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements. Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines is appropriate. In those instances, the sale shall be confirmed within thirty days after the termination of any stay of confirmation.

The officer making the sale shall require the purchaser, including a lienholder, to pay within thirty days of the confirmation of the sale the balance due on the purchase price of the lands and tenements.

**{¶7}** This court will reverse a trial court's confirmation of a sale only if the trial court has abused its discretion. *See Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In making its decision to confirm a sheriff's sale, a trial court must determine whether the sale was conducted in accordance with R.C. 2329.01 through 2329.61 inclusive. *See* R.C. 2329.31. *See also Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, 912 N.E.2d 668, ¶25 (8th Dist.).

{¶8} Rains argues that the court erred in issuing a confirmation of sale because the court's order of foreclosure was not final and appealable. Rains claims that this was her basis for dismissing her first appeal in February 2012. However, the issue of whether the trial court's September 2011 order was a final appealable order was never addressed because the appeal was voluntarily dismissed pursuant to her motion. A thorough review of the record reveals that the trial court's September 9, 2011 journal entry adopting the magistrate's decision separately granted complete relief and was, in turn, properly executed.

{¶9} Regardless, this court made no finding regarding the appealability of the court's September 2011 order of foreclosure when it dismissed Rains's appeal pursuant to her motion. Furthermore, this court did not remand the case in order for the trial court to enter a final and appealable order of foreclosure. Rains's voluntary dismissal prevented this court from addressing the issue she now raises.

{¶10} Moreover, whether an order is appealable merely relates to this court's jurisdiction to review it at that time and does not render it a nullity. Therefore, regardless of whether it could have been appealed, the September 2011 order of foreclosure still stands as a valid order from which the property was properly sold at sheriff's sale. Because Rains failed to pursue her appeal of this order, any argument pertaining to the September 2011 order is now barred.

{¶11} In a similar case, the Ninth District Court of Appeals held that appellant's failure to timely appeal the earlier foreclosure judgment bars her from raising the same issues when she appeals the confirmation order. *Citifinancial v. Haller-Lynch*, 9th Dist. No. 06CA008893, 2006-Ohio-6908, ¶ 5. Likewise, Rains's voluntary dismissal of her appeal bars her from raising issues regarding the order of foreclosure in the instant appeal of the confirmation order.

> "[A]ll irregularities are cured after the sale is made and confirmed. It is said that the final order of confirmation, having the effect of a final conclusive judgment, cures all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and *the proceedings under it.*"

(Emphasis added.) *Citimortgage, Inc. v. Haverkamp*, 12th Dist. No. CA2010-11-089, 2011-Ohio-2099, ¶ 17 , quoting *Peoples Liberty Bank & Trust Co. v. Cornett*, 86 Ohio App. 222, 223-224, 90 N.E.2d 450 (1949).

{¶12} Any argument regarding the finality and appealability of the September 2011 order is barred. Rains has not argued any deficiency or irregularity with the confirmation order itself. Therefore, we find no abuse of discretion in the trial court's decision to confirm the sheriff's sale.

{¶13} In addition, we note that Rains failed to file a motion to stay the confirmation of sale. Pursuant to *Equibank v. Rivera*, 8th Dist. No. 72224, 1998 Ohio App. LEXIS 185 (Jan. 22, 1998), her failure to seek a stay has rendered her appeal of the confirmation of sale moot.

> Appellant never moved to stay the confirmation. The property has been sold and the deed has been recorded. The order of confirmation has been carried out to its fullest extent. If this court reversed the order of confirmation, there is no relief that can be afforded to appellants. An appeal is moot if it is impossible for the appellate court to grant any effectual relief. *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21.

Likewise, the property in the instant case has been sold and the deed has been recorded. The order of confirmation has been carried out to its fullest extent and there exists no relief that can be afforded to Rains.

{¶14} Accordingly, the sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR