[Cite as *Bank of New York Mellon v. Adams*, 2013-Ohio-5572.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99399**

---

# BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

# RANDY L. ADAMS, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-789226

**BEFORE:** Stewart, A.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, OH    44103


**ATTORNEYS FOR APPELLEE**

Maria Divita
Carson A. Rothfuss
Lerner, Sampson & Rothfuss
120 E. Fourth Street, 8th Floor
P.O. Box 5480
Cincinnati, OH    45201

Michael B. Hurley
John R. Wirthlin
Blank Rome, L.L.P.
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellee Bank of New York Mellon brought this action against defendants-appellants Randy and Renee Adams ("Adams") seeking judgment on a promissory note and foreclosure on a mortgage. The court granted the bank judgment by default when Adams did not answer the complaint. Adams then sought relief from judgment, but appealed from the default judgment before the court could rule on his motion. We temporarily remanded the case for the court to rule on the motion and the court denied it in its entirety.

{¶2} In this appeal, Adams argues that (1) the bank failed to demonstrate that it had standing to bring this action; (2) that the court's order of sale was not final because it did not ascertain the amount of property protection expenses; and (3) that the court adopted a magistrate's decision without first reviewing it. We find no merit to these arguments and affirm the decision of the trial court. Having requested that this appeal be placed on the accelerated calendar, Adams has acquiesced to our stating the reasons for this decision in "brief and conclusory form." *See* App.R. 11.1(E).

{¶3} The bank had standing to bring this litigation and did not need to allege or otherwise prove its status as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2006-23 before receiving judgment by default. It alleged in the complaint that it was in possession of the promissory note, endorsed in blank. That made the bank a holder of the note when it commenced the action, giving it

the right to enforce the note.   *See* R.C. 1303.01(B).   As the holder of the note, the bank was   the real party in interest.   *Bank of New York Mellon Trust Co., N.A. v. Hentley*, 8th Dist. Cuyahoga No. 99252, 2013-Ohio-3150, ¶ 25.   And regardless of whether it was acting as a trustee for a trust, the bank had a right to enforce the note as a holder of a bearer instrument.

**{¶4}** We also reject Adams' argument that the court's default judgment is not final because it allowed for the collection of expenses for "property protection" that were not readily ascertainable.   The question of "[w]hether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection and maintenance, but does not include specific itemization of those amounts in the judgment" is currently under consideration by the Ohio Supreme Court.   *See CitiMortgage, Inc. v. Roznowski*, 134 Ohio St.3d 1447, 2013-Ohio-347, 982 N.E.2d 726.   Nevertheless, we take the view offered by the conflict case in *Roznowski* that unascertainable expenses like property protection do not bar a final judgment because they can be determined at the time of the sheriff's sale, from which the homeowner can file a new appeal.   *See LaSalle Bank N.A. v. Smith*, 7th Dist. Mahoning No. 11 CA 85, 2012-Ohio-4040, ¶ 21.   *See also Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 14; *Bank of New York Mellon v. Rankin*, 10th Dist. Franklin No. 12AP-808, 2013-Ohio-2774, ¶ 41.

**{¶5}** Finally, we see no basis for Adams' contention that the court "rubber-stamped" the magistrate's decision. Adams did not object to the magistrate's decision, so he forfeited the right to argue error on appeal. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."). In addition, his claim that the trial court did not review the magistrate's decision because the case file had been in the "dead file" room at the time the court adopted the magistrate's decision, is not substantiated by the record on appeal, so no plain error is shown.

**{¶6}** Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR