[Cite as *Wells Fargo Bank, N.A.*, 2014-Ohio-498.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99921**

## WELLS FARGO BANK, N.A.

PLAINTIFF-APPELLEE

vs.

## ANGEL CUEVAS, SR., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700366

**BEFORE:** Keough, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**ATTORNEY FOR APPELLANTS**

Kent R. Minshall, Jr.
2189 Professor Avenue, Suite 100
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Matthew A. Taulbee
Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, Ohio 45227

Karen M. Cadieux
David A. Wallace
Carpenter, Lipps & Leland, L.L.P.
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Angel Ceuvas, Sr., appeals from the trial court's judgment denying his Civ.R. 60(B) motion for relief from judgment. We dismiss the appeal because it is moot.

## I. Background

**{¶2}** In July 2009, plaintiff-appellee, Wells Fargo Bank, N.A., filed a complaint in foreclosure against Cuevas. Wells Fargo alleged that it was the holder of a note executed by Cuevas in 2005 and secured by a mortgage on his home. Wells Fargo alleged that Cuevas had defaulted on the note, on which he owed $67,385.66; consequently, it sought judgment on the note and an order that the property be sold and Wells Fargo paid from the proceeds of the sale.

**{¶3}** Ceuvas did not answer the complaint, and in October 2009, the trial court granted Wells Fargo's motion for default judgment. In January 2010, the court issued an order of sheriff's sale, which was set for March 1, 2010. The order of sale was subsequently returned for lack of bidders.

**{¶4}** A second sale was set for July 12, 2010, but at Wells Fargo's request, the trial court ordered the sheriff to return the order of sale without execution so that Wells Fargo could comply with the United States Treasury Department's Directive 10.02 under the Home Affordable Modification Program.

**{¶5}** The trial court issued a third order of sale in September 2011, and sale was scheduled for November 7, 2011. The sale did not go forward; no return of order of sale

was filed indicating why the sale did not proceed.

{¶6} The trial court issued a fourth order of sale on December 19, 2012. This time, Wells Fargo moved to return the order of sale without execution because, it informed the court, "[p]laintiff has established a process to insure that reasonable efforts to avoid foreclosure have been exhausted before proceeding to sale. These efforts have not yet been completed in connection with this loan." The trial court denied Wells Fargo's motion, ruling that "the reason provided by plaintiff for return of the second pluries order of sale without execution is not considered by this court to be a valid reason to permit the return of an order of sale without execution." The fourth sale occurred on February 11, 2013, and a third party purchased the property. On February 21, 2013, the trial court entered an order confirming the sale and directing the sheriff to deliver a deed for the property to the third-party purchaser.

{¶7} Fifteen days later, on March 8, 2013, Cuevas filed a Civ.R. 60(B) motion to vacate the order of confirmation. He also filed a motion to stay delivery of the deed to the purchaser until the court ruled on his motion to vacate, which the trial court granted.

{¶8} In his motion for relief from judgment, Cuevas argued that he was entitled to relief under Civ.R. 60(B)(3), which allows for relief from judgment based on the fraud, misrepresentation, or other misconduct of an adverse party. Cuevas asserted that prior to the sale, Wells Fargo was aware that he was working with Save the Dream Foundation, which had advised Wells Fargo that funds were available so Cuevas could bring his mortgage current. Cuevas asserted that Wells Fargo had advised him and the foundation

that the sale would not proceed, and that Cuevas would not lose his home.

{¶9} Cuevas further asserted that several days prior to the sale, he spoke by phone with a Wells Fargo representative, who confirmed that the court had denied Wells Fargo's attempt to withdraw the order of sale. The representative told Cuevas, however, that Wells Fargo did not anticipate that anyone would bid on the property but if someone did, Wells Fargo would bid on the property, take title, and then resell it to Cuevas so that he would not lose his home. Cuevas argued that he was entitled to relief from the order of confirmation under Civ.R. 60(B)(3) because in reliance on Wells Fargo's misrepresentations, he did not file for bankruptcy (which would have stayed the sale) even though he had engaged a bankruptcy attorney prior to the sale, nor take other actions to retain his property.

{¶10} Attached to Cuevas's Civ.R. 60(B)(3) motion were unauthenticated transcripts of the conversations Cuevas had with representatives from Wells Fargo prior to and after the sale, emails between him and his bankruptcy lawyer, and Cuevas's sworn affidavit relating to Wells Fargo's representations to him and the foundation.

{¶11} Wells Fargo filed a brief in opposition to Cuevas's motion. It argued that Cuevas was not entitled to relief from judgment under Civ.R. 60(B)(3) because (1) he had not demonstrated a meritorious defense to the underlying foreclosure action; (2) he had failed to demonstrate that Wells Fargo had acted fraudulently in obtaining a default judgment against him in the underlying foreclosure action; and (3) his motion was not timely because it was filed more than three years after the foreclosure judgment, which

was rendered on December 3, 2009.

**{¶12}** The trial court subsequently denied Cuevas's motion for relief from judgment, ruling that his motion was untimely because it was filed more than three years after the initial judgment of foreclosure. In its entry, the trial court also lifted the stay on delivering the deed to the third-party purchaser of the property.

**{¶13}** Cuevas then filed a motion to reconsider, in which he argued that his Civ.R. 60(B) motion was timely because it was filed only two weeks after the sale and order of confirmation. Furthermore, in light of documents attached to his motion that indicated that Bank of America owned the mortgage as of May 2011 (and was sending him correspondence regarding a loan modification), Cuevas argued that it was questionable whether Wells Fargo was the real party in interest when it filed the foreclosure action in 2009. The trial court denied Cuevas's motion.

## II. Analysis

**{¶14}** Cuevas appeals from the trial court's judgment denying his Civ.R. 60(B) motion for relief from judgment. He first asserts that the trial court's judgment denying his motion is a final, appealable order subject to appellate review. We agree.

**{¶15}** There are two judgments that are appealable in foreclosure actions. *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 96863, 2012-Ohio-1037, ¶ 6, citing *Emerson Tool, L.L.C. v. Emerson Family Ltd. Partnership*, 9th Dist. Summit No. 24673, 2009-Ohio-6617, ¶ 13. The first is the order of foreclosure and sale. The second is the confirmation of the sale. *Id.* Cuevas's Civ.R. 60(B) motion for relief from judgment

asked the court to vacate the order confirming the sale. Thus, the trial court's judgment denying his motion for relief from the judgment confirming the sale is a final, appealable order subject to appellate review, and the first assignment of error is sustained.

{¶16} In his second assignment of error, Cuevas argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment.

{¶17} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134.

{¶18} We review a trial court's judgment regarding a motion to vacate judgment under an abuse-of-discretion standard. *Benesh, Friedlander, Coplan & Aronoff, LLP v. Software, Inc.*, 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 13. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} Cuevas brought his motion pursuant to Civ.R. 60(B)(3), which allows a court, "on motion and upon such terms as are just," to grant relief from a final judgment, order, or proceeding due to "fraud, misrepresentation, or other misconduct of an adverse party."

{¶20} The trial court denied the motion solely on the basis that it was untimely because it was filed more than three years after the foreclosure decree was entered. Cuevas was not seeking relief from the foreclosure decree, however; he was asking that the court vacate its order confirming the sale — the second final, appealable order in a foreclosure case. The court entered its judgment confirming the sale on February 21, 2013 and, therefore, Cuevas's motion for relief from that judgment, which was filed only 15 days after the court's judgment entry, was obviously timely.

{¶21} In its judgment entry denying Cuevas's motion, the trial court addressed only the timeliness aspect of the *GTE* requirements; it did not rule on whether Cuevas had a meritorious defense to its judgment confirming the sale nor whether he was entitled to relief under Civ.R. 60(B)(3) because of Wells Fargo's alleged misrepresentations or misconduct toward him prior to the sale. Because the court's decision regarding the timeliness of Cuevas's motion was in error, we would normally reverse the trial court's judgment and remand for the court to consider the other *GTE* factors.[1]

{¶22} However, after the trial court denied his Civ.R. 60(B) motion, Cuevas never filed a motion to stay the confirmation of sale pending his appeal nor a motion to stay

---

[1] Wells Fargo makes various arguments on appeal as to why Cuevas did not demonstrate a meritorious defense to the order of confirmation nor demonstrate why he was entitled to relief from the confirmation order under Civ.R. 60(B)(3). Wells Fargo raised none of these arguments below; its arguments in its brief in opposition to Cuevas's motion were directed only to Cuevas's ability to challenge the *foreclosure* decree. Because Wells Fargo's arguments regarding Cuevas's challenge to the confirmation order were not raised below, they are waived for purposes of appeal. *Hamper v. Suburban Umpires Assn.*, 8th Dist. Cuyahoga No. 92505, 2009-Ohio-5376, ¶ 19.

execution on the judgment pending appeal.[2]  Cuevas's failure to seek a stay has rendered his appeal of the trial court's judgment denying his motion to vacate the order confirming the sale moot.  As this court stated in *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, *3 (Jan. 22, 1998):

> Appellant never moved to stay the confirmation.  The property has been sold and the deed has been recorded.  The order of confirmation has been carried out to its fullest extent.  If this court reversed the order of confirmation, there is no relief that can be afforded to appellants.  An appeal is moot if it is impossible for the appellate court to grant any effectual relief.  *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

*See also Third Fed. S. & L. Assoc. of Cleveland v. Baldwin*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 13.  Likewise, in this case, the property has been sold, the order of confirmation has been carried out, and there is no relief *in this foreclosure action* that can be afforded to Cuevas for Wells Fargo's alleged fraud, misrepresentation, and misconduct.  Accordingly, Cuevas's appeal is moot and the case is dismissed.

{¶23}  Dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[2]The record reflects that when Cuevas failed to vacate the property after several notices, the third-party purchaser filed a forcible entry and detainer action in Cleveland Municipal Court.   After a hearing, the municipal court issued an order granting the purchaser judgment for possession of the property and setting a move-out date.   Cuevas then filed a motion to stay proceedings of the municipal court pending this appeal, which this court denied.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR