[Cite as *Beneficial Ohio, Inc. v. LaQuatra*, 2014-Ohio-605.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99860**

## BENEFICIAL OHIO, INC.

PLAINTIFF-APPELLEE

vs.

## KELLY A. LAQUATRA, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-731321

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Robert Hoose
Timothy R. Billick
Ted A. Humbert
Ashley E. Mueller
Jason A. Whitacre
John D. Clunk Co., L.P.A.
4500 Courthouse Blvd., Suite 400
Stow, Ohio 44224

Warren T. McClurg, II
Melissa Zujkowski
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113

Target National Bank
3701 Watzata Boulevard
Mail 3CG
Minneapolis, Minnesota 55416

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendants-appellants, Kelly and Louis LaQuatra ("LaQuatra"), appeal the trial court's decision denying their motion to vacate the order of sale. LaQuatra's appeal is dismissed because it is moot.

{¶2} In August 2010, plaintiff-appellee, Beneficial Ohio, Inc. ("Beneficial") filed an amended complaint for foreclosure against LaQuatra seeking judgment on a promissory note and foreclosure on a mortgage. In July 2011, the court granted the bank judgment by default after LaQuatra did not answer the complaint.

{¶3} The property was sold in September 2011, with the order of sale returned three days later. The decree of confirmation of sale was filed in October 2011. In March 2013, LaQuatra moved to vacate the order of sale contending that the judgment decree in foreclosure was not a final appealable order because, although it determined liability, it did not fully determine damages.

{¶4} The trial court denied their motion. LaQuatra now appeals from this decision and raise as their sole assignment of error that the trial court erred when it issued an order of sale absent a final appealable decree in foreclosure. LaQuatra's assignment of error is overruled as moot.

{¶5} A review of the record shows that LaQuatra never appealed the order of foreclosure and sale. *See Mulby v. Poptic*, 8th Dist. Cuyahoga No. 96863, 2012-Ohio-1037, ¶ 6, citing *Emerson Tool, L.L.C. v. Emerson Family Ltd. Partnership*, 9th Dist. Summit No. 24673, 2009-Ohio-6617, ¶ 13 (the first judgment that can be

appealed in a foreclosure action is the order of foreclosure and sale). Because LaQuatra failed to pursue an appeal of the September 2011 order of sale, any argument pertaining to the order is now barred. *See Third Fed. S. & L. Assn. of Cleveland v. Baldwin*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 10-12; *Citifinancial v. Haller-Lynch*, 9th Dist. Lorain No. 06CA008893, 2006-Ohio-6908.

{¶6} In addition, LaQuatra did not appeal the October 2011 confirmation order and never moved to stay any of the foreclosure proceedings. As this court recently reiterated:

> Appellant never moved to stay the confirmation. The property has been sold and the deed has been recorded. The order of confirmation has been carried out to its fullest extent. If this court reversed the order of confirmation, there is no relief that can be afforded appellants. An appeal is moot if it is impossible for the appellate court to grant any effectual relief. *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

*Wells Fargo Bank N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, ¶ 22, quoting *Equibanks v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, *3 (Jan. 22, 1998).

{¶7} Much like in *Cuevas*, the property in this case has been sold, the order of confirmation has been carried out, and there is no relief in this action that can be afforded to LaQuatra. Therefore, the appeal is moot and is dismissed.

{¶8} Even if this court considered the merits of the appeal, the trial court's decision denying the motion to vacate the order of sale was proper. *See Bank of New York Mellon v. Adams,* 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572, citing *LaSalle Bank, N.A. v. Smith*, 7th Dist. Mahoning No. 11 CA 85, 2012-Ohio-4040 (undetermined damages, such as property protection, in the decree of foreclosure can be determined at

the time of the sheriff's sale, from which the homeowner can file a new appeal).[1]

**{¶9}** Dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR

---

[1]This issue is currently pending in the Ohio Supreme Court on the certified question of "whether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance, but does not include specific itemization of those amounts in the judgment." *See CitiMortgage, Inc. v. Roznowski*, 134 Ohio St.3d 1447, 2013-Ohio-347, 982 N.E.2d 726. The certified question arose from a conflict between districts — the Fifth District's holding in *Citimortgage, Inc. v. Roznowski*, 5th Dist. Stark No. 2012-CA-93, 2012-Ohio-4901, and the Seventh District's resolution in *LaSalle*.