[Cite as *Provident Funding Assocs., L.P. v. Turner*, 2014-Ohio-2190.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   100493

---

# PROVIDENT FUNDING ASSOCIATES, L.P.

### PLAINTIFF-APPELLEE

vs.

# TAMARA K. TURNER, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-742147

**BEFORE:**   Keough, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 22, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglas Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Jennifer B. Madine
Lorelei C. Bolohan
Rick D. Deblasis
Pamela A. Fehring
Cynthia Fischer
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendants-appellants, Phillip and Tamara Turner ("Turner"), appeal from the trial court's decision confirming the sheriff sale. For the reasons that follow, the appeal is dismissed as moot.

{¶2} In June 2011, plaintiff-appellee, Provident Funding Associates, L.P. ("Provident"), filed an amended complaint for foreclosure against Turner seeking judgment on a promissory note and foreclosure on a mortgage. In 2013, the trial court entered a judgment in favor of appellee. The property was subsequently sold by Sheriff's Sale, and the decree of confirmation of sale was issued in September 2013.

{¶3} Turner now appeals the confirmation and raises as the sole assignment of error that the trial court erred when it issued an order of sale absent a final appealable decree in foreclosure.

{¶4} Turner contends in their brief that the order of stay was denied; however, after a thorough review of the record, we find no evidence of any stay requested by Turner. This issue is dispositive of this appeal.

{¶5} As this court recently reiterated,

Appellant never moved to stay the confirmation. The property has been sold and the deed has been recorded. The order of confirmation has been carried out to its fullest extent. If this court reversed the order of confirmation, there is no relief that can be afforded appellants. An appeal is moot if it is impossible for the appellate court to grant any effectual

relief.   *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

*Wells Fargo Bank N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, ¶ 22, quoting *Equibanks v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, *3 (Jan. 22, 1998); *see also Beneficial Ohio, Inc. v. LaQuatra*, 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605.

{¶6}   Much like in *Cuevas* and *LaQuatra*, the property in this case has been sold, the order of confirmation has been carried out, and there is no relief in this action that can be afforded Turner.   Therefore, the appeal is moot and is dismissed.

{¶7} Even if this court considered the merits of the appeal, the order of sale was a proper final appealable order.   *See Bank of New York Mellon v. Adams,* 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572, citing *LaSalle Bank, N.A. v. Smith*, 7th Dist. Mahoning No. 11 CA 85, 2012-Ohio-4040 (undetermined damages, such as property protection, in the decree of foreclosure can be determined at the time of the sheriff's sale, from which the homeowner can file a new appeal).[1]

{¶8}   Dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

---

[1] This issue is currently pending in the Ohio Supreme Court on the certified question of "whether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance, but does not include specific itemization of those amounts in the judgment."   *See CitiMortgage, Inc. v. Roznowski*, 134 Ohio St.3d 1447, 2013-Ohio-347, 982 N.E.2d 726.   The certified question arose from a conflict between districts — the Fifth District's holding in *Citimortgage, Inc. v. Roznowski*, 5th Dist. Stark No. 2012-CA-93, 2012-Ohio-4901, and the Seventh District's resolution in *LaSalle*.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR