[Cite as *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 2018-Ohio-1080.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### Nos. 105312 and 105575

---

### BLISSWOOD VILLAGE HOME OWNERS ASSOCIATION

PLAINTIFF-APPELLEE

vs.

### GENESIS REAL ESTATE HOLDINGS GROUP, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
DISMISSED IN PART; AFFIRMED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-852869

**BEFORE:** Kilbane, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 22, 2018

**ATTORNEY FOR APPELLANT**

Mark Novak
4154 Ardmore Road
South Euclid, Ohio 44121


**ATTORNEYS FOR APPELLEE**

Steven B. Potter
Jared Klebanow
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive - Suite 200
Cleveland, Ohio 44124


**For Cuyahoga County Treasurer & Cuyahoga County Fiscal Officer**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Anthony J. Giunta
Assistant County Prosecutor
310 W. Lakeside Avenue - Suite 300
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1}   In this consolidated appeal, defendant-appellant, Genesis Real Estate Holdings Group, L.L.C. ("Genesis"), appeals from the trial court's orders of foreclosure and confirmation of the sheriff's sale in this foreclosure action instituted by plaintiff-appellee, Blisswood Village Home Owners Association ("Blisswood").   For the reasons set forth below, we dismiss Genesis's appeal from the orders of foreclosure and confirmation of the sale as moot and affirm the trial court's award of attorney fees to Blisswood.

{¶2}   In October 2015, Blisswood instituted a foreclosure action against Genesis and other defendants holding or claiming interests in real property located at 430 Kenwood Drive,

Unit E, in the city of Euclid, Ohio ("the property"). Genesis was record title holder of the property. The foreclosure complaint sought a decree of foreclosure against the property and also sought a judgment in the amount $2,900.96, plus interest, for unpaid monthly assessments for common expenses as well as late fees and other charges, including reasonable attorney fees, under R.C. 5311.18.

{¶3} In October 2016, Blisswood moved for summary judgment. In November 2016, the trial court granted summary judgment in Blisswood's favor and entered a decree of foreclosure. In December 2016, the trial court granted Blisswood's unopposed motion for attorney fees under R.C. 5311.18(A)(1)(b) and awarded $5,355.50 in attorney fees to Blisswood. The trial court further ordered that the attorney fees be paid from the proceeds of the sale. Later that same month, Genesis filed its appeal from the decree of foreclosure.

{¶4} The record reflects that Genesis did not request a stay of the judgment of foreclosure. In January 2017, the property was sold at sheriff's sale to Blisswood Village Reinvestment, L.L.C. ("BVR"). In February 2017, the trial court confirmed the sale, and in March 2017, the proceeds from the sheriff's sale were distributed. In March 2017, Genesis appealed the confirmation of the sale. The record further reflects that Genesis did not seek a stay of the distribution of the proceeds of the sale.

{¶5} That same month, Blisswood moved to dismiss Genesis's appeal from the order of foreclosure, relying on several cases from this district for the proposition that Genesis's appeal is moot because the property had been sold and the proceeds of the sale distributed. *See Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529; *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498; *Beneficial Ohio, Inc. v. LaQuatra*, 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605; *Bank of New York Mellon v.*

*Adams*, 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572; *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708.

{¶6} In April 2017, this court granted Blisswood's motion to dismiss Genesis's appeal from the decree of foreclosure. Later that month, Genesis, relying on this court's decision in *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380 (8th Dist.), moved for reconsideration of the dismissal. We granted Genesis's motion for reconsideration. In June 2017, we consolidated Genesis's appeals from the decree of foreclosure and the order confirming the sheriff's sale.

{¶7} Genesis now raises the following three assignments of error for our review.

Assignment of Error One

The trial court erred as a matter of law when it granted [Blisswood's] motion for summary judgment in foreclosure because [Genesis] established a genuine issue of material fact that the assessments underlying [Blisswood's] lien were invalid enforcement assessments and that [Blisswood] denied [Genesis's] statutory rights to notice and hearing under [R.C. 5311.081(C)] prior to imposing the assessments.

Assignment of Error Two

The trial court erred as a matter of law when it granted [Blisswood's] motion for summary judgment in foreclosure because [Genesis] established a genuine issue of material fact that [Blisswood's] Board of Trustees was not properly constituted according to its declaration and by-laws when it imposed the enforcement assessments underlying [Genesis's] lien.

Assignment of Error Three

The trial court erred and abused its discretion when it awarded attorney's fees in the amount of $5,355.50 to [Blisswood].

Mootness

{¶8} In the first two assignments of error, Genesis argues that the trial court erred in granting summary judgment in favor of Blisswood and issuing a decree of foreclosure because Blisswood's lien was based upon invalid assessments. Genesis contends that Blisswood's board

of trustees was not properly constituted at the time it imposed the assessments and that Blisswood failed to comply with the hearing and notice provisions of R.C. 5311.081(C).

{¶9} As discussed above, this court dismissed Genesis's appeal from the decree of foreclosure and subsequently reconsidered that decision. Before we examine the merits of Genesis's assigned errors, we must address Blisswood's motion to dismiss this appeal. In its motion for reconsideration, Genesis argued that this court's holding in *Hicks,* 2016-Ohio-8484, 77 N.E.3d 380, mandates return of the property to Genesis because BVR was not a good faith, third-party purchaser of the property. Blisswood maintains that Genesis's appeal is moot and that our holding in *Hicks* is inapplicable to the present matter. We agree with Blisswood.

{¶10} As discussed above, the property has been sold at sheriff's sale, and the proceeds of the sale have been distributed. In *Turner*, this court noted that R.C. 2329.45, which governs the reversal of judgments in foreclosure cases, provides a remedy for appellants in foreclosure cases after the property has been sold. *Turner,* 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, at _ 5.

{¶11} We explained that even when the property itself is no longer recoverable, R.C. 2329.45 provides an alternative remedy in the form of restitution. *Id.* at _ 6. We noted, however, that R.C. 2329.45 only applies when the appealing party sought and obtained a stay of the distribution of the proceeds. *Id.* at _ 6, citing *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 11; *see also Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498; *LaQuatra*, 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605; *Adams*, 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572; *Rains,* 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708. Where a defendant in a foreclosure action fails to obtain a stay of the distribution of the proceeds, R.C. 2329.45 does not apply and any appeal therefrom is moot

because "the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Tutin* at ¶ 16.

{¶12} Here, Genesis never moved to stay the foreclosure proceedings, nor did it move for a stay of the distribution of the proceeds from the sale. The record reveals that the property has been sold and the proceeds of the sale distributed. Thus, there is no relief that can be afforded to Genesis.

*Fannie Mae v. Hicks*

{¶13} Genesis argues that, despite its failure to seek a stay of the proceedings, its appeal is not moot because, under *Hicks,* 2016-Ohio-8484, 77 N.E.3d 380, BVR is not entitled to the statutory protections of a third-party purchaser because it is not a "stranger" to the underlying litigation. In *Hicks*, this court explained the unique facts and procedural history as follows:

> The facts of this case involve a prior appeal, *Fannie Mae v. Hicks*, 2015-Ohio-1955, 35 N.E.3d 37 (8th Dist.). In that case, Hicks executed loan documents (a note and mortgage) with All American Home Lending, Inc. in 2004 to finance the purchase of a home in the city of Shaker Heights. All American later assigned the mortgage to Chase Manhattan Mortgage Corporation. When Hicks failed to make payments on the note, Chase Manhattan accelerated the loan and assigned the mortgage to Fannie Mae.
>
> Fannie Mae brought a foreclosure action against Hicks. In the complaint, Fannie Mae alleged that it was assigned the subject mortgage and was a "person entitled to enforce the note." Fannie Mae attached copies of the note and mortgage to the complaint, along with an allonge containing a special endorsement of the note from Chase Manhattan to Fannie Mae. During the course of litigation, Fannie Mae amended its complaint twice to reflect the fact that the original note executed by Hicks in favor of All American was lost by Chase Manhattan before it was purchased by Fannie Mae. Despite this irregularity, Fannie Mae moved for summary judgment in the foreclosure action. In its motion for summary judgment, Fannie Mae conceded that it was not entitled to enforce the lost note under R.C. 1308.38, but nevertheless argued that it was entitled to foreclose on the property by virtue of the mortgage assignment alone. Hicks filed a motion for summary judgment arguing that she was entitled to judgment as a matter of law because Fannie Mae conceded it could not enforce the note and the ability to

enforce the note is a prerequisite to establishing one's right to foreclose. The trial court granted Fannie Mae's motion and denied Hicks's motion. Hicks appealed.

On appeal, this court concluded that the assignment of the mortgage alone was insufficient to sustain an action in foreclosure and that Fannie Mae must also be a person entitled to enforce the note in order to foreclose on the property. The panel of this court further concluded that Chase Manhattan retained authority to enforce the note as the last party in possession of the note before it was lost. The grant of summary judgment in favor of Fannie Mae was reversed, and the case remanded to the trial court with instructions to enter summary judgment in favor of Hicks.

While the resolution of the appeal was pending in this court, the trial court proceeded with the foreclosure sale. In December 2014, Fannie Mae purchased the property for a $110,000 credit bid and the sale was confirmed. Hicks neither requested a stay of the confirmation proceedings nor appealed the confirmation order to this court. However, Hicks did move the trial court for a stay of the distribution of the sale proceeds pending our decision on the foreclosure action. The court denied the motion, and Hicks did not seek any further stays. This court issued its decision in May 2015. One week after the decision, Fannie Mae was issued the deed to the property. The deed was recorded on June 12, 2015.

Following the release of this court's decision, Hicks filed a proposed judgment entry with the trial court that sought to have the court order Fannie Mae to pay her restitution in the amount of $110,000, the foreclosure purchase price of the property, pursuant to R.C. 2329.45, and dismiss the foreclosure action with prejudice. Fannie Mae opposed the proposed order and asked the court to vacate the confirmation of sale and deed pursuant to Civ.R. 60(B)(4), which allows a court to vacate a judgment when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." In its Civ.R. 60(B) motion for relief from judgment, Fannie Mae emphasized that the balance of equities required the court to vacate the confirmation of sale so that Fannie Mae can return title of the property to Hicks, rather than order restitution in the amount of the purchase price, because the latter remedy would result in a windfall to Hicks. Additionally, Fannie Mae argued that an order of restitution was improper under R.C. 2329.45 because Hicks failed to meet the requirements of the statute that, according to Fannie Mae, requires that the property be unrecoverable and that Hicks had previously obtained a stay of the distribution of proceeds.

Hicks opposed Fannie Mae's motion for relief from judgment. Her opposition

brief argued that the plain language of R.C. 2325.03 and 2329.45 prevents Fannie

Mae from returning title, and that the correct remedy in situations where property

is sold pending appeal and the judgment is reversed is to order restitution.

*Hicks*, 2016-Ohio-8484, 77 N.E.3d 380, at ¶ 2-7.

**{¶14}** In *Hicks*, we found that R.C. 2325.03 and 2329.45 only apply to third-party purchasers and not in situations where the foreclosing plaintiff purchases the property. *Id.* at _ 13. We further found that the trial court erred by not vacating the foreclosure sale and ordering Fannie Mae to pay Hicks restitution under R.C. 2329.45. *Id.* at _ 19. We remanded to the trial court with instructions to "vacate the confirmation of sale, order the deed to the property be returned to Hicks, and enter judgment in favor of Hicks on the foreclosure action, pursuant to this court's order in [the prior appeal]." *Id.*

**{¶15}** *Hicks* is distinguishable from the instant case. Most notably, in the timing of each appeal and the status of the purchaser of each of the subject properties. We note that at the time of our decision in Hicks's first appeal, the sale of the property to the foreclosing plaintiff, Fannie Mae, had been confirmed, but the proceeds of the sale had not yet been distributed. *Hicks* at _ 5.

**{¶16}** In the instant case, Genesis never moved to stay the foreclosure proceedings nor did it move to stay the distribution of the proceeds from the sale prior to the order of confirmation. The property has been sold, the confirmation order has been carried out, and there exists no relief that can be afforded to Genesis. Moreover, the purchaser of the property, BVR, is not a party to this matter. Genesis's contention that BVR is a "shell company" controlled by Blisswood is not founded in the record.

**{¶17}** Based on the foregoing, we find that there is no longer any effectual relief available to Genesis related to the foreclosure proceedings and confirmation of the sale. Blisswood's motion to dismiss the appeal is granted. Accordingly, we dismiss the first two assignments of error as moot.

{¶18} In the third assignment of error, Genesis argues that the trial court abused its discretion in awarding $5,355.50 in attorney fees to Blisswood. The trial court awarded Blisswood its attorney fees under R.C. 5311.18(A)(1), which states in pertinent part:

> (1) Unless otherwise provided by the declaration or the bylaws, the unit the unit owners association has a lien upon the estate or interest of the owner in any unit and the appurtenant undivided interest in the common elements for the payment of any of the following expenses that are chargeable against the unit and that remain unpaid for ten days after any portion has become due and payable:

> (a) The portion of the common expenses chargeable against the unit;

> (b) * * * [A]ttorney's fees * * * the association incurs if authorized by the declaration, the bylaws, or the rules of the unit owners association and if chargeable against the unit.

{¶19} In its complaint, Blisswood asserted that Blisswood Village's declaration provides that Blisswood is entitled to its attorney fees expended for collection efforts of unpaid assessments. Genesis does not dispute that Blisswood is entitled to its attorney fees under R.C. 5311.18(A)(1), but argues, rather, that Blisswood did not present any independent evidence supporting the reasonableness of the attorney fees.

{¶20} In support of the motion for attorney fees, Blisswood's attorney submitted an affidavit attesting to the fees charged by his firm and attached a detailed billing statement for work performed. Blisswood also submitted the affidavit of Attorney Eric Hoffman. Attorney Hoffman attested that the rates charged by the firm and the total fee amount of $5,355.50 "for a residential foreclosure with discovery issues" were "reasonable and consistent with the rates charged by lawyers with comparable experience in Cuyahoga County[.]"

{¶21} This court has held that "'where a trial court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the

amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.'" *Acacia on the Green Condominium Assn. v. Gottlieb*, 8th Dist. Cuyahoga No. 92145, 2009-Ohio-4878, ¶ 52, quoting *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991). "The Ohio Supreme Court has determined that the trial court, having been present through the proceedings, is in the best position to make a determination on attorney fees." *Id.*, citing *Bittner*.

**{¶22}** We do not find that the award of $5,355.50 in attorney fees in the present case "is so high * * * as to shock the conscience." We further find that Blisswood presented sufficient evidence in the form of affidavits from its counsel and a local solo practitioner supporting the reasonableness of the requested attorney fees. Accordingly, the trial court did not abuse its discretion in awarding this amount. The third assignment of error is overruled.

**{¶23}** The consolidated appeal is hereby dismissed in part and affirmed in part.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR