[Cite as *Wells Fargo Bank Natl. Assn. v. Doberdruk*, 2025-Ohio-749.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE,                    :

    Plaintiff-Appellee,                    :

                                No. 114218

    v.                                     :

GRACE M. DOBERDRUK, ET AL.,                :

    Defendants-Appellants.                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-972603

---

### *Appearances:*

McGlinchey Stafford PLLC, and Stefanie L. Deka, *for appellee.*

Law Office of Grace M. Doberdruk, and Grace M. Doberdruk, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Grace M. Doberdruk ("Doberdruk"), appeals from the trial court's judgment in favor of plaintiff-appellee, Wells Fargo, ordering the confirmation of the sale of Doberdruk's property. Doberdruk, however, failed to

post the required bond and as a result, the proceeds of the foreclosure sale were distributed. Therefore, we dismiss the appeal as moot.

**{¶ 2}** The facts underlying this appeal were previously set forth in Doberdruk's first appeal, *Wells Fargo Bank, Natl. Assn. v. Doberdruk*, 2024-Ohio-5007 (8th Dist.) ("*Doberdruk I*"), and we incorporate them as if fully rewritten herein.

**{¶ 3}** In *Doberdruk I*, Doberdruk appealed the trial court's judgment ordering a decree of foreclosure. This court dismissed Doberdruk's appeal as moot because she "sought a stay after the property was sold but never posted the required bond set by the trial court." *Id.* at ¶ 15. Subsequently, the trial court "confirmed the sale of the property, and the proceeds were distributed." *Id.*[1]

**{¶ 4}** In the instant case, while the *Doberdruk I* appeal was pending, Doberdruk filed the current appeal from the trial court's July 2, 2024 order confirming the sale of the property, which was sold in May 2024. Prior to the confirmation, the trial court gave Doberdruk an opportunity to stay the confirmation of sale, distribution of the proceeds, and recording of the deed if she could post a supersedeas bond. Doberdruk failed to post the bond. Therefore, the property has

---

[1] We note that on December 17, 2024, this court granted Doberdruk's motion to certify a conflict to the Ohio Supreme Court between our opinion in *Doberdruk I* and opinions from the Second, Sixth, Tenth, and Eleventh Districts. Doberdruk filed a notice of certified conflict with the Ohio Supreme Court on January 15, 2025. On February 26, 2025, the Ohio Supreme Court determined that a conflict exists. *See* announcement at 2025-Ohio-598.

been sold, the order of confirmation has been carried out, and the proceeds from the sale were distributed in September 2024.

{¶ 5} She raises three assignments of error for our review. Doberdruk now challenges the confirmation of the foreclosure sale, claiming that the sale did not comply with the Revised Code. Doberdruk contends that her appeal is not moot under R.C. 2329.45, which protects the property rights of the third-party purchaser and provides that the remedy of the party prevailing on appeal of the foreclosure action is limited to restitution from the monetary proceeds of the sale. The statute states in relevant part:

> If a judgment in satisfaction of which land [is] sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such land [was] sold, with interest from the day of sale, must be made by the judgment creditor.

R.C. 2329.45.

{¶ 6} Wells Fargo argues that this appeal is moot because Doberdruk's stay was ultimately denied and the proceeds were distributed in September 2024. Wells Fargo, relying on *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 2018-Ohio-1092 (8th Dist.), contends that R.C. 2329.45 only applies when the appealing party sought and obtained a stay of the distribution of the proceeds. We find Wells Fargo's argument more persuasive.

{¶ 7} In *Doberdruk I*, we pointed out that this court has held R.C. 2329.45 "'only applies when the appealing party sought *and obtained* a stay of the distribution of the proceeds.'" (Emphasis in original.) *Id.* at ¶ 6, quoting *Provident*

*Funding Assocs., L.P. v. Turner*, 2014-Ohio-2529, ¶ 6 (8th Dist.), citing *Bankers Trust Co. of California, N.A. v. Tutin*, 2009-Ohio-1333, ¶ 11 (9th Dist.); *Blisswood* at ¶ 17; *U.S. Bank Trust Natl. Assn. v. Janossy*, 2018-Ohio-2228, ¶ 7 (8th Dist.); *see also Wells Fargo Bank N.A. v. Cuevas*, 2014-Ohio-498 (8th Dist.); *Beneficial Ohio, Inc. v. LaQuatra*, 2014-Ohio-605 (8th Dist.); *Bank of New York Mellon v. Adams*, 2013-Ohio-5572 (8th Dist.); and *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 2012-Ohio-5708, ¶ 13 (8th Dist.).

{¶ 8} While there is a notice of certified conflict pending in the Ohio Supreme Court, we are constrained to follow the law in this district that an appeal is moot when the appellant failed to obtain a stay, and the property was sold, the sale was confirmed, and proceeds were distributed. In this case, Doberdruk sought a stay after the confirmation of the sale was ordered but never posted the required bond set by the trial court, and the proceeds were subsequently distributed. Therefore, the appeal is moot.

{¶ 9} Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR