OPINION
{¶ 1} Appellant Eric Roberts appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which found his son, Damien Roberts, to be a dependent child. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 19, 2003, Appellee Guernsey County Children Services Board ("GCCSB") filed a complaint alleging Damien Roberts, age thirteen, was dependent and neglected. GCCSB was thereupon granted temporary custody. An adjudication hearing took place on June 16, 2003, at which time Damien's parents both entered an admission to the allegation of dependency. A judgment entry of dependency, with continued temporary custody to GCCSB, was issued on June 23, 2003. Following subsequent proceedings, the trial court granted permanent custody of Damien to GCCSB.
 {¶ 3} On December 17, 2004, appellant filed a notice of appeal,[1]
and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The court erred as a matter of law and committed plain error by accepting the parents' admissions that the child was a dependent child without ensuring that the parents understood the nature of the allegations and the consequences of their admissions as required by juv.r. 29(d).
 I. {¶ 5} In his sole Assignment of Error, appellant argues the trial court erred by accepting the parents' admissions to a dependency finding.
 {¶ 6} As an initial matter, we are compelled to the timeliness of appellant's notice of appeal. The judgment entry appealed is file-stamped June 23, 2003. Appellant's notice of appeal was not filed until December 17, 2004. App.R. 4 requires a party to file the notice of appeal within thirty days of the later of the entry of the judgment or order appealed from, or, of the service of the notice of judgment if service is not made within a three (3) day period provided in Civ.R. 58(B). The latter rule reads as follows in pertinent part:
 {¶ 7} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. * * *."
 {¶ 8} Appellant contends the trial court did not comply with Civ.R. 58(B) in regard to the dependency adjudication of June 23, 2003, because said judgment entry allegedly lacks the endorsement to the clerk per the rule. Hence, he urges the time for filing the notice of appeal has not run.
 {¶ 9} We find no merit in appellant's argument. In the case sub judice, the judgment entry at issue states that Damien Roberts is a dependent child, orders temporary custody to continue with GCCSB, and sets a further dispositional hearing for September 16, 2003. The final sentence reads: "It is the further order of the Court that a copy of this entry shall constitute notice of said hearing to be sent to all necessary parties by regular mail." The trial court's appearance docket for June 23, 2003 thereupon indicates: "JE TO ALL PARTIES."
 {¶ 10} The Ohio Supreme Court has made clear that "[o]nce the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served." Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, paragraph 2c of the syllabus. Additionally, "[a]lthough the docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary." State ex rel. Ormond v.City of Solon, Cuyahoga App. No. 82553, 2003-Ohio-5654, ¶ 8, citingWinters v. John Doe (Sept. 10, 1998), Cuyahoga App. No. 74384, citingDeFini v. City of Broadview Heights (1991), 76 Ohio App.3d 209, 213.
 {¶ 11} Therefore, under the procedural facts of this case, we find we lack direct appeal jurisdiction over the issues herein raised in Appellant's sole Assignment of Error due to the untimeliness of his notice of appeal.
 {¶ 12} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby dismissed.
Wise, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby dismissed.
[1] Appellant has separately appealed the grant of permanent custody.