[Cite as *Mulby v. Poptic*, 2012-Ohio-1037.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96863

---

## ANNETTE MULBY, ET AL.

### PLAINTIFFS-APPELLEES

vs.

## ALAN M. POPTIC, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-505225

**BEFORE:**  Jones, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**  March 15, 2012

**ATTORNEY FOR APPELLANTS**

J. Charles Ruiz-Bueno
Charles Ruiz-Bueno Co., LPA
36130 Ridge Road
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEES**

Stephen P. Leiby
Steven R. Hobson
Leiby Hanna Rasnick Towne
Evanchan Palmisano & Hobson LLC
388 South Main Street, Suite 402
Akron, Ohio 44311

LARRY A. JONES, SR., J.:

{¶1} Defendants-appellants, Alan Poptic, et al. ("Poptic") appeal the trial court's denial of their motion for reconsideration of its order of foreclosure and the granting of plaintiffs-appellees', Annette and Bradley Mulby ("Mulbys"), motion to confirm the sale of property located in Solon. For the reasons that follow, we dismiss this appeal for lack of a final, appealable order.

{¶2} In 2003, the Mulbys filed a foreclosure action against Poptic. In 2004, the trial court granted summary judgment in favor of the Mulbys. Poptic appealed, but we dismissed the appeal for lack of a final appealable order. *Mulby v. Poptic*, 8th Dist. No. 86582 (July 29, 2005). Poptic appealed again, but this court dismissed it because it was untimely filed. *Mulby v. Poptic*, 8th Dist. No. 88810 (Mar. 12, 2007).

{¶3} The subject property was sold at auction in 2007; Poptic was the successful bidder. After the sale, Poptic filed a motion to stay confirmation of the sale. A hearing on the motion was had on March 18, 2008. On June 19, 2008, the magistrate issued a decision overruling the motion to stay confirmation. The trial court initially issued a decree of confirmation on June 30, 2008, but vacated the confirmation the next day because the June 19, 2008 magistrate's decision had not been received by Poptic's attorney.

{¶4} In August 2008, Poptic filed a motion for relief from judgment from the order of foreclosure. The motion was set for a hearing, which was held in April 2009. The magistrate subsequently denied the motion, issuing a written decision. Poptic filed

objections to the magistrate's decision and a hearing was held on the objections in March and April 2011. On May 3, 2011, the trial court overruled Poptic's objections to the magistrate's decision. On May 5, 2011, the trial court granted the Mulbys' motion for confirmation of the sale of the property. No further decree of confirmation was issued by the court.

{¶5} Poptic filed the instant notice of appeal and raises three assignments of error, in which he challenges the validity of the foreclosure, the denial of his motion for relief from judgment, and the confirmation of the sale of the subject property.

{¶6} Initially, we must determine whether we have jurisdiction to consider this appeal. The Ohio Constitution restricts an appellate court's jurisdiction to the review of final orders of lower courts. Ohio Const. Art. IV, § 3(B)(2). "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). In a foreclosure action such as this, the decree of foreclosure and the order confirming sale are separate and distinct actions, both of which constitute final appealable orders once entered. *Emerson Tool, L.L.C. v. Emerson Family Ltd. Partnership*, 9th Dist. No. 24673, 2009-Ohio-6617, ¶ 13, citing *Citifinancial, Inc. v. Haller-Lynch*, 9th Dist. No. 06CA008893, 2006-Ohio-6908.

{¶7} When the court adopts, rejects, or modifies a magistrate's decision, it must also enter a judgment. Civ.R. 53(D)(4)(e); Civ.R. 54(A). The judgment entry must contain a clear pronouncement of the court's judgment and a statement of relief and must

be a complete document, separate and apart from that of the magistrate's order. *Everhome Mtge. Co. v. Kilcoyne*, 8th Dist. No. 96982, 2012-Ohio-593, ¶ 3, citing *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. No. 96249, 2011-Ohio-4508. The court must do more than merely "adopt" a magistrate's decision; the court, separate and apart from the magistrate's decision, "must grant relief on the issues originally submitted to the court." *Flagstar Bank, FSB v. Moore*, 8th Dist. No. 91145, 2008-Ohio-6163, ¶ 1. An order that does nothing more than affirm a magistrate's decision without separately setting forth a judgment on the issues submitted to the court is not a final, appealable order. *In re Zinni*, 8th Dist. No. 89599, 2008-Ohio-581; *In re R.C.*, 8th Dist. No. 94885, 2010-Ohio-4690, *Caldwell*.

{¶8} In September 2004, the magistrate granted the Mulbys' motion for summary judgment. Poptic filed objections to the magistrate's decision, but, in May 2005, the trial court overruled the objections. Poptic appealed, but this court dismissed the appeal. *Mulby v. Poptic*, 8th Dist. No. 86582 (July 29, 2005). In May 2006, the magistrate issued a decision granting the decree of foreclosure and money judgment. In an August 2006 order, the trial court addressed each of Poptic's objections and overruled them, but then entered an order adopting the magistrate's decision; the court did not enter a separate judgment. Poptic appealed the decision, but this court dismissed the appeal because it was untimely filed. *Mulby v. Poptic*, 8th Dist. No. 88810 (Mar. 12, 2007).

{¶9} The foreclosed property was sold at a sheriff's sale in December 2007. The sheriff's sale is the execution of the judgment of foreclosure, and the trial court must enter

an order confirming the sheriff's sale. That confirmation order must contain certain statutory elements under R.C. 2329.31. *Emerson Tool*, *supra*. Here, the trial court entered an order confirming the sheriff's sale in 2009, but immediately vacated it due to service issues. The trial court did not enter any subsequent decree confirming the sale. Consequently, the trial court's May 2011 order granting the Mulbys' motion for decree of confirmation is not a final order.

{¶10} Finally, the denial of the motion for relief from judgment is not a final, appealable order. An order overruling the motion for relief from judgment is final only if the order underlying it is final; otherwise, it is simply an request for reconsideration of an interlocutory order. Poptic's motion for relief from judgment sought relief from the order of foreclosure. However, as mentioned above, the trial court's order in the foreclosure part of this case simply adopted the magistrate's decision and did not enter a separate judgment as required. Consequently, the order overruling the motion for relief from judgment is also not a final order.

{¶11} We are cognizant that this case has been ongoing since 2003, multiple appeals have been filed, and this is the second time the case has been dismissed for lack of a final, appealable order. Without a final order, however, we lack jurisdiction to consider this appeal. Consequently, after almost nine years of litigation, the trial court has yet to enter a final order in this case with regard to the foreclosure or the confirmation of the sale. The trial court must:

(1) enter a final, separate order of foreclosure;

(2) enter a final order of confirmation that comports with R.C. 2329.31.

**{¶12}** Case dismissed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR