[Cite as *Blisswood village home owners Assn. v. Genesis real estate holdings group, L.L.C.* , 2018-Ohio-2519.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106382**

**BLISSWOOD VILLAGE HOME
OWNERS ASSOCIATION**

PLAINTIFF-APPELLEE

vs.

**GENESIS REAL ESTATE HOLDINGS
GROUP, L.L.C., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-853423

**BEFORE:** Kilbane, P.J., Stewart, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 28, 2018

**ATTORNEY FOR APPELLANT**

Mark Novak
988 Glenside Road
South Euclid, Ohio 44121


**ATTORNEYS FOR APPELLEES**

**For Blisswood Village Home
Owners Association**

Jason A. Whitacre
Steven B. Potter
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124

**For Cuyahoga County Fiscal Officer and
Cuyahoga County Treasurer**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Anthony J. Giunta
Assistant Prosecuting Attorney
310 West Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

**Also Listed**

Dinardo Family Limited Partnership
6034 Cedarwood Road
Mentor, Ohio 44060

Dinardo Family Limited Partnership
1621 Central Avenue
Cheyenne, Wyoming 82001

MARY EILEEN KILBANE, P.J.:

{¶1}   Defendant-appellant, Genesis Real Estate Holdings Group, L.L.C. ("Genesis"), brings this appeal challenging the confirmation of the sale of real property in this foreclosure action instituted by plaintiff-appellee, Blisswood Village Home Owners Association ("Blisswood").   For the reasons set forth below, we dismiss this appeal as moot.

{¶2}   In October 2015, Blisswood filed the present foreclosure action against Genesis and other defendants holding or claiming an interest in a condominium located at 471 Clearview Drive, Unit B, in the city of Euclid, Ohio ("the property").   At the time Blisswood initiated the foreclosure action, Genesis was the record title owner of the property.

{¶3}   In March 2017, Blisswood moved for both default and summary judgment against Genesis.   In April 2017, the magistrate issued a default judgment against Genesis, granted summary judgment in favor of Blisswood, and issued a decree of foreclosure on the property.   In May 2017, the trial court adopted the magistrate's April 2017 decision and entered judgment against Genesis.

{¶4}   In July 2017, the property was sold at sheriff's sale to Blisswood, which the trial court confirmed in September 2017.   In October 2017, Genesis filed its notice of appeal.   In November 2017, the sheriff distributed the proceeds of the sale as ordered by the trial court in the decree of foreclosure.   The record reflects that Genesis did not post a bond to stay execution of the trial court's judgment in foreclosure or the confirmation of the sale.   In December 2017, Blisswood moved to dismiss the instant appeal, arguing the appeal is moot because the property has been sold and the proceeds of the sale have been distributed.

**{¶5}**    It is from the September 2017 order confirming the sale that Genesis appeals, raising the following two assignments of error for review:

Assignment of Error One

The trial court erred as a matter of law when it confirmed the [July 2017] foreclosure sale of the real property at issue because the court lacked subject matter jurisdiction over [Blisswood's] foreclosure action, therefore rendering all proceedings void, including the [May 2017 judgment in foreclosure] and the [September 2017] decree of confirmation itself.

Assignment of Error Two

To the extent that the trial court's confirmation order renders the within appeal moot on grounds that title to the property in this case has passed via the Sheriff's sale, the trial court committed reversible error because the purchaser of the property in this case is [Blisswood] and this Court of Appeals can return title to [Genesis] under the long-standing doctrine most recently outlined in this Court's judgment in *Fannie Mae v. Hicks*[, 2016-Ohio-8484, 77 N.E.3d 380 (8th Dist.)].

Mootness

**{¶6}**    Before we examine the merits of Genesis's assigned errors, we must address Blisswood's motion to dismiss.   Blisswood, relying on numerous cases from this district, argues that the instant appeal is moot since the property has been sold and the proceeds of the sale distributed.  *See Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, ¶ 6;   *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, ¶ 22;   *Beneficial Ohio, Inc. v. LaQuatra*, 8th Dist. Cuyahoga No. 99860,

2014-Ohio-605, ¶ 6-7;  *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 13.

{¶7}    There are two judgments appealable in foreclosure actions.   *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 96863, 2012-Ohio-1037, ¶ 6.   The first is the order of foreclosure and sale. The second is the confirmation of the sale. *Id*.

{¶8}    Here, Genesis failed to appeal from the trial court's judgment of foreclosure.   As reflected in Genesis's notice of appeal, this appeal is limited to a review of the trial court's September 2017 judgment confirming the sheriff's sale of the property to Blisswood.   Because Genesis failed to pursue an appeal of the April 2017 foreclosure order, any argument pertaining to that judgment is now barred.   *LaQuatra* at _ 5.   Thus, the only arguments properly before this court are those related to the procedures employed in the sale and whether the trial court abused its discretion in confirming the sale.   *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 18.

{¶9}    On appeal, Genesis does not make any argument related to the sheriff's sale, but rather contends the trial court's confirmation of the sale is void because the court lacked subject matter jurisdiction over the underlying foreclosure action.   Genesis contends the trial court was without jurisdiction to issue decrees of foreclosure and confirmation because this foreclosure action was "based upon [Blisswood's] single, invalid statutory lien."

{¶10} We decline to consider Genesis's jurisdictional arguments because they are moot. In cases where a party successfully appeals from a confirmation of sale, and the proceeds of that sale have not yet been distributed, the remedy is limited to restitution from the monetary proceeds of the sale under R.C. 2329.45.  *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga No. 105850, 2018-Ohio-1517, ¶ 12.

**{¶11}** However, R.C. 2329.45 does not mention the distribution of the proceeds of the sale. *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group*, *L.L.C.*, 8th Dist. Cuyahoga No. 105796, 2018-Ohio-1090, ¶ 16. Thus, the statute can only be construed to address appeals that have been taken from the confirmation of sale where the appealing party sought a stay of the distribution of the proceeds pursuant to Civ.R. 62(B) and App.R. 7(A). *Id*. This court has explained that

> [w]here a defendant in a foreclosure action fails to obtain a stay of the distribution of the proceeds, R.C. 2329.45 does not apply and any appeal therefrom is moot because "the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties in the action."

*Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga Nos. 105312 and 105575, 2018-Ohio-1080, ¶ 11, quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16.

**{¶12}** This court has held that the failure to file a motion to stay confirmation of sale renders an appeal of that order moot. *Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, at _ 13, citing *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, at *3 (Jan. 22, 1998). The record demonstrates that Genesis never moved to stay confirmation of the sale. Thus, Genesis's appeal is moot.

**{¶13}** Genesis, relying on this court's holding in *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380 (8th Dist.), argues the instant appeal is not moot because Blisswood, the foreclosing plaintiff, purchased the property at sheriff's sale. Genesis essentially argues that our decision in *Hicks* creates an exception to the mootness doctrine in cases where the foreclosing plaintiff purchases the property. This argument is unpersuasive.

{¶14} In *Hicks*, we held that the statutory protections under R.C. 2325.03 and 2329.45, which are afforded to a bona fide purchaser of a property in foreclosure, do not apply to protect the title of the foreclosing plaintiff who purchases the property at sheriff's sale. *Id.* at ¶ 13. The issue of mootness was not before this court in *Hicks* because the underlying foreclosure order had been overturned in a prior appeal. *Hicks* at _ 2, citing *Fannie Mae v. Hicks*, 2015-Ohio-1955, 35 N.E.3d 37 (8th Dist.).

{¶15} Further, we have previously determined that our decision in *Hicks* does not implicate our decisions in *Cuevas*, *Rains*, and *Rivera*. *Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 8th Dist. Cuyahoga No. 105854, 2018-Ohio-1091, ¶ 23. In *Euclid Community Reinvestment*, we held that "regardless of who purchased the property * * * once the proceeds of the sale were distributed, and satisfaction of the judgment occurred, this court lost the authority to provide [the appealing party] effective relief from the confirmation of sale." *Id*. at ¶ 22.

{¶16} Here, Blisswood's purchase of the property does not negate Genesis's failure to file a direct appeal from the judgment of foreclosure or its subsequent failure to seek a stay of the distribution of the proceeds of the sale. Blisswood's judgment in foreclosure has been satisfied, and the proceeds of the sale are no longer under the jurisdiction and control of the court.

{¶17} Accordingly, Blisswood's motion to dismiss this appeal as moot is granted.

{¶18} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
KATHLEEN ANN KEOUGH, J., CONCUR