[Cite as *Cuyahoga Cty. Treasurer v. Fitzgerald*, 2022-Ohio-4386.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

TREASURER OF CUYAHOGA
COUNTY, OHIO,                              :

       Plaintiff-Appellee,          :

                                  No. 111325

       v.                                            :

VANESSA FITZGERALD, ET AL.,          :

       Defendant-Appellants.        :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 8, 2022

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-818708

_____

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Edmund G. Tallos, Hannah Singerman, and
Adam Jutte, Assistant Prosecuting Attorneys, *for
appellee.*

James Alexander, Jr., Esq., LLC, and James Alexander,
Jr.,*for appellants*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Vanessa Fitzgerald ("Fitzgerald"), appeals the

trial court's confirmation of the sheriff's sale following a judgment of foreclosure in

favor of plaintiff-appellee, the Cuyahoga County Treasurer. For the following reasons, we dismiss the appeal as moot.

## I.  Facts and Procedural History

{¶ 2}  On December 12, 2013, the county filed a complaint in foreclosure of real property located at 3356 Euclid Heights Boulevard, Cleveland Heights, Ohio 44118, permanent parcel number 684-28-012, for delinquent property taxes, assessments, and penalties. Fitzgerald did not initially answer the complaint.

{¶ 3}  The following year, on November 7, 2014, the county requested a tax hearing, which was set for February 5, 2015. On February 2, 2015, Fitzgerald requested a continuance and an extension of time to answer the complaint, both of which were granted by the trial court. On March 19, 2015, the matter proceeded to a hearing before the magistrate, who granted Fitzgerald's oral motion for leave to answer the complaint. Fitzgerald filed her answer the same day.

{¶ 4}  The matter proceeded to a second hearing before the magistrate on July 17, 2015. Following the hearing, the magistrate found for the county, issuing a decision with findings of fact and conclusions of law. On August 12, 2015, the trial court adopted the magistrate's findings and entered a judgment of foreclosure without objection from Fitzgerald.

{¶ 5}  More than six years later, on December 10, 2021, the trial court issued an order of sale of the property, stating that

> [t]he above captioned case is scheduled for sheriff sales on 01/12/2022 at 09:00 AM at https://cuyahoga.sheriffsaleauction.ohio.gov; if the property is not sold at first sale[,] a second sale at the same location is

scheduled for 01/26/2022 at 09:00 AM[.] Notice issued Parcel#(s) 684-28-012.

(Order of sale, Dec. 10, 2021.)

{¶ 6} On January 19, 2022, a report of sale was filed indicating that the property sold for $78,000 on January 12, 2022, to Riveredge Resources, LLC ("Riveredge"). On January 27, 2022, Fitzgerald filed an objection to confirmation of the sheriff's sale, admitting that the sale could proceed if she defaulted on a tax installment contract she had entered with the county, but disputing whether she had actually defaulted. On February 15, 2022, the trial court confirmed the sale, finding that the unpaid taxes, assessments, penalties, interest, and other charges totaled $43,4135.61.

{¶ 7} On February 15 and 25, 2022, Fitzgerald filed motions to stay execution of the judgment pending appeal without posting a supersedeas bond, arguing that no bond was required or in the alternative that the bond should be set at zero. On March 2, 2022, Fitzgerald filed a notice of appeal. On March 28, 2022, this court, sua sponte, issued the following order:

> The parties are ordered to show cause why the appeal should not be dismissed as moot. This court has held that once the property is sold, the sale confirmed, and the proceeds distributed, the appeal is moot. *See Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, ¶ 6; *Blisswood Vill. Home Owners Assn. v. Euclid Cmty. Reinvestment, LLC*, 8th Dist. Cuyahoga No. 105854, [2018-Ohio-1091,] ¶ 17. Here, the property has been sold and the sale confirmed, but the docket fails to show whether the proceeds were distributed. The trial court did not grant a stay.

(Judgment entry, Mar. 28, 2022.) The following day, March 29, 2022, Fitzgerald filed an unopposed motion for remand to the trial court to consider her written objections and pending motion to stay execution of the judgment.

{¶ 8} On April 12, 2022, Fitzgerald filed a response to this court's show-cause order, contending that the precedent cited by this court held that an appeal from a confirmation of sale is moot if the appellant either fails to request a stay of execution or the stay is denied and the sale proceeds are distributed; the trial court had not yet ruled on her objections to the confirmation of sale or her motion to stay execution of the judgment; and there is no evidence that she received notice of the sheriff's sale. On April 13, 2022, Fitzgerald filed a motion in this court for a stay pending appeal, arguing that a determination of whether this court dismisses her appeal or reaches the merits hinges on whether the appellant obtains a stay.

{¶ 9} The same day, April 13, 2022, this court granted in part Fitzgerald's motion to remand the matter to the trial court to "consider outstanding matters" and rule on her objections to the confirmation of sale but not her motion for a stay pending appeal because "the trial court retain[ed] jurisdiction to take any action which would aid in the execution of the appealed judgment, including ruling on stays." (Judgment entry, Apr. 13, 2022.) This court subsequently denied the motion for a stay pending appeal. This court also found that "on March 31, 2022, the trial court issued an order stating, 'clerk to hold sale funds for costs and/or future order of the court, $32,864.08,'" and determined that "because the [sale] proceeds have not been distributed, the appeal is not moot and may proceed[.]" On April 26, 2022,

the trial court ordered any responses to Fitzgerald's objections to the confirmation of sale to be filed within seven days.

{¶ 10} Following this court's remand, on May 3, 2022, the county filed an opposition to Fitzgerald's objections and motion to stay, arguing that Fitzgerald had entered into a tax repayment plan with the county; made some payments toward the delinquent tax bill but defaulted in 2016 and 2017; had entered a second repayment plan in September 2017 but again defaulted, making her last payment in July 2019. The county maintained that following the default, this second delinquent tax contract was void pursuant to R.C. 323.31(A)(6), the property was subsequently sold at the January 12, 2022 sheriff's sale, and title transferred to Riveredge on March 9, 2022. The county further maintained that Fitzgerald's pending motion for a stay should be denied because title had already been transferred, and even though an adequate supersedeas bond would be required under the circumstances, no bond had been offered by Fitzgerald or approved by the court.

{¶ 11} On May 5, 2022, this court, sua sponte, ordered the matter returned from the trial court by May 13, 2022. On May 8, 2022, the trial court overruled Fitzgerald's objections "for the reasons argued in [the county's] reply brief" and denied Fitzgerald's motion to stay, finding that "there [was] no further execution of the decree of foreclosure to be stayed." (Judgment entry, May 8, 2022.) The same day, Fitzgerald filed a supplement to her January 27, 2022 objections to the confirmation of sale, arguing that she did not receive notice of the sheriff's sale. On May 24, 2022, the matter was returned to this court.

{¶ 12} On June 8, 2022, Fitzgerald filed a motion to distribute the proceeds of the sheriff's sale, stating that she had received notice indicating that she would be evicted from the property on June 29, 2022, and that she was entitled to a balance of $32,864.08 from the proceeds of the sheriff's sale. On July 26, 2022, the trial court granted Fitzgerald's motion.

{¶ 13} On June 23, 2022, this court, sua sponte, ordered the record converted into an App.R. 9(A) record for failure to file an App.R. 9(D) statement. On August 12, 2022, Fitzgerald filed her appellate brief with this court, raising the following sole assignment of error:

> The trial court erred as a matter of law by confirming a sheriff's sale where the homeowner was never provided with written notice of such sale.

## II. Law and Analysis

{¶ 14} In her sole assignment of error, Fitzgerald argues that R.C. 2329.26 requires that she, the homeowner, receive written notice of the sheriff's sale, the trial court's docket provided insufficient notice of the sale, and the property's sale to Riveredge does not render her appeal moot because R.C. 2325.03 recognizes an exception to usual protections afforded third-party purchasers when the homeowner is not given sufficient notice of the sale. The county responds that because Fitzgerald failed to raise the issue of notice in the trial court, it cannot be raised for the first time on appeal and this court must presume regularity in the trial court's proceedings. The county responds, in the alternative, that Fitzgerald received written notice pursuant to Civ.R. 5(B), which comports with R.C. 2329.26.

Finally, the county responds that Fitzgerald's appeal is moot because the property sold, the proceeds have been distributed, and the exception provided by R.C. 2325.03 applies only if the underlying foreclosure decree is attacked for lack of notice. We address the mootness argument first because it is dispositive of this appeal.

{¶ 15} Two judgments are appealable in foreclosure actions – (1) the judgment of foreclosure and sale and (2) the confirmation of sale. *Blisswood Village Home Owners Assn.*, 2018-Ohio-1091, at ¶ 13, citing *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 96863, 2012-Ohio-1037, ¶ 9. Failure to appeal the judgment of foreclosure bars any challenge to that judgment. *Id.*, citing *U.S. Bank, Natl. Assn. v. Sanders*, 2017-Ohio-1160, 88 N.E.3d 445, ¶ 16 (8th Dist.). Here, Fitzgerald limits her appeal to the trial court's confirmation of sale.

{¶ 16} When the confirmation of sale is appealed, R.C. 2329.45 protects the rights of a third-party purchaser and limits the appellant's remedy to restitution from the sale proceeds, but only if the sale proceeds are still held under the trial court's jurisdiction and the appellant sought and obtained a stay of distribution of the proceeds. *Blisswood Village Home Owners Assn.*, 2018-Ohio-1091, at ¶ 17. Once the sale proceeds are distributed, they are no longer under the jurisdiction of the court and the appeal must be dismissed as moot. *Id.* at ¶ 19.

{¶ 17} In the instant case, the property sold, the trial court confirmed the sale, and while the sale proceeds were initially held by the trial court, they were distributed following Fitzgerald's June 8, 2022 motion requesting distribution,

**Commented [PJN1]:** I added the additional information to distinguish this *Blisswood Village Home Onwers Assn.* case from at least two others coming out of our court. The pinpoint to par. 17 is correct. It was cited by our court in the Mar. 28, 2022 order. See par. 7 above.

which the trial court granted on June 29, 2022. Because the sale proceeds have been distributed, there is no relief that can be afforded to Fitzgerald and her appeal is moot. *Id.*, citing *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, ¶ 22; *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, 3 (Jan. 22, 1998).

{¶ 18} Fitzgerald nevertheless maintains that she may be afforded relief under an exception to the usual protections afforded third-party purchasers under R.C. 2325.03, which "does not apply if in the proceeding resulting in the judgment or order sought to be vacated, modified, or set aside, the person then holding the title in question was not lawfully served with process or notice, as required by the law or Civil Rules applicable to the proceeding." R.C. 2325.03. Fitzgerald argues that R.C. 2329.26 requires written notice before the property could be sold.

{¶ 19} R.C. 2329.26(A) provides that

[l]ands and tenements taken in execution shall not be sold until all of the following occur:

(1)

(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered. Such notice shall include the date, time, and place of the sale if the sale is to be held at a physical location or the start date and web site address of the sale if the sale is to be held online. Such notice shall also include the provisional second sale date described in division (B) of section 2329.52 of the Revised Code, if applicable.

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (B) of Civil Rule 5.

(b) Service of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered.

{¶ 20} When the foreclosed property is sold without meeting the written notice requirements of R.C. 2329.26(A)(1)(a), the court may set aside the sale on a motion filed by any interested party. R.C. 2329.27(B)(1). Proof of service is conclusive evidence of compliance with the notice requirements. R.C. 2329.27(B)(2). An order confirming the sale constitutes a "judicial finding" that the written notice requirements of R.C. 2329.26(A)(1)(a) were met or, if they were not met, that all parties entitled to notice "received adequate notice of the date, time, and place of the sale" or that "the failure to give a written notice to a party entitled to notice * * * has not prejudiced that party." R.C. 2329.27(B)(3)(a)(i)-(iii).

{¶ 21} Here, on December 10, 2021, the trial court issued an order of sale stating that

[t]he above captioned case is scheduled for sheriff sales on 01/12/2022 at 09:00 AM at https://cuyahoga.sheriffsaleauction.ohio.gov; if the property is not sold at first sale[,] a second sale at the same location is scheduled for 01/26/2022 at 09:00 AM[.] Notice issued Parcel#(s) 684-28-012.

(Order of sale, Dec. 10, 2021.)

{¶ 22} Fitzgerald does not dispute that the order of sale contained the required information under R.C. 2329.26(A)(1)(a)(i), including the date, time, and

Commented [PJN2]: This is a direct quote from the trial court's Dec. 10, 2021 order of sale. I recommend leaving as is. If we change, we should change thus:

[sheriff's] – Place in [brackets to signal an editorial change.

If we make this change, we would also need to change the same quote in par. 5 above.

website address of the sheriff's sale, as well as a provisional second sale if the property did not sell at the first sheriff's sale. Rather, Fitzgerald argues that the county failed to file with the trial court a copy of the written notice and proof of having served it at least seven days before the sale in accordance with R.C. 2329.26(A)(1)(a)(ii). The county responds that written notice of the sale was served upon counsel for Fitzgerald by the court's electronic filing system, through which counsel had agreed to receive service, and that because such service complies with Civ.R. 5(B), Fitzgerald received written notice of the sale pursuant to R.C. 2329.26(A)(1)(a). We find the county's argument more persuasive.

{¶ 23} Pursuant to R.C. 2329.26(A), written notice of the sale must be served on the judgment debtor in accordance with Civ.R. 5(A) and (B). Civ.R. 5(B)(1) provides that if a party is represented by an attorney, service "shall be made on the attorney unless the court orders service on the party," and Civ.R. 5(B)(2)(f) provides that a document may be served by sending it to the email address of the attorney to be served.

{¶ 24} Although several years passed between the judgment of foreclosure and confirmation of sale, the record indicates that Fitzgerald continued to be represented by the same counsel during both proceedings. Because Fitzgerald was represented by counsel, Civ.R. 5(B)(1) required the county to serve written notice of the sale on counsel, and since Civ.R. 5(B)(2)(f) provides that a document may be served by sending it to counsel's email, service is proper by requesting email service through the court's electronic filing system.

{¶ 25} Further, the trial court's December 10, 2021 order of sale clearly states "notice issued" and the order was signed by the clerk and deputy clerk of the court. "The Ohio Supreme Court has made clear that 'once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served.'" *In re Roberts*, 5th Dist. Guernsey No. 04 CA 41, 2005-Ohio-2672, ¶ 10, quoting *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80, 523 N.E.2d 851 (1988), paragraph 2c of the syllabus. "Additionally, 'although the docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary.'" *Id.*, quoting *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 82553, 2003-Ohio-5654, ¶ 8, citing *Winters v. John Doe*, 8th Dist. Cuyahoga No. 74384, 1998 Ohio App. LEXIS 4221, 4 (Sept. 10, 1998), citing *DeFini v. Broadview Hts*, 76 Ohio App.3d 209, 213, 601 N.E.2d 199 (8th Dist.1991).

{¶ 26} We recognize that a docket notation is not "conclusive evidence that service was made," *id.*, quoting *State ex rel. Ormond*, at ¶ 8, citing *Winters*, at 4, citing *DeFini*, at 213, and that proof of service filed with the trial court constitutes conclusive evidence of service of the written notice of sale required by R.C. 2329.26(A)(1)(a). R.C. 2329.27(B)(2). However, we also note that the trial court's confirmation of sale constitutes a "judicial finding" that the sale complied with the written notice requirements of R.C. 2329.26(A)(1)(a), that adequate notice was sent to all parties entitled to notice, or that the failure to send written notice to a party entitled to notice "has not prejudiced that party." R.C. 2329.27(B)(3)(a)(i)-(iii).

{¶ 27} Here, the trial court confirmed the sale over Fitzgerald's January 27, 2022 objection. Fitzgerald's initial objection challenged her default on the tax installment contract she had entered with the county, but it did not raise the issue of notice of the sheriff's sale. Rather, Fitzgerald raised the issue of notice for the first time in a supplemental objection that she filed in the trial court on May 8, 2022, the same day the court overruled her January 27, 2022 objection to its confirmation of sale. Even assuming that the supplemental objection was properly before the trial court, the only evidence that Fitzgerald raises to challenge our presumption of regularity from the docket notation that Fitzgerald received notice through counsel pursuant to Civ.R. 5(B) is an affidavit attached to the supplemental objection in which Fitzgerald asserts that she never received notice of the sale.

{¶ 28} Because Fitzgerald was represented by counsel, written notice would have been sent to Fitzgerald through counsel. *See, e.g., Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 11CA8, 2012-Ohio-2806, ¶ 18 (recognizing that "under Civ.R. 5(B), service upon a party's attorney of record is a means of accomplishing service upon the party" in accordance with R.C. 2329.26(A)(1)(a)). Careful review of Fitzgerald's appellate briefing reveals that counsel does not claim he never received written notice of the sale, only that such service cannot be relied upon and that the county never filed proof of service with the trial court. R.C. 2329.27(B)(3) cautions against such a strict interpretation of R.C. 2329.26(A)(1)(a). *See id.* at ¶ 23 ("R.C. 2329.27(B)(3), regarding the effect of a confirmation order,

expressly contemplates that a trial court may confirm a sale despite the lack of strict compliance with R.C. 2329.26(A)(1)(a).").

{¶ 29} On this record, we are satisfied that through counsel, Fitzgerald received or ought to have received written notice of the sheriff's sale even if that written notice did not strictly comply with the R.C. 2329.26(A)(1)(a)(ii) requirement that the county file a copy of the written notice and proof of service with the trial court. Absent any evidence to the contrary, we presume from the December 10, 2021 docket entry, which clearly states "notice issued," that the order of sale was served on counsel for Fitzgerald. The trial court's subsequent confirmation of sale also presents a judicial finding that Fitzgerald either received adequate notice or was not prejudiced by the county's failure to strictly comply with R.C. 2329.26(A)(1)(a). R.C. 2329.27(B)(3)(a)(i)-(ii); *Rankin* at ¶ 23.

{¶ 30} Having found that adequate notice of the sale was sent to Fitzgerald through her counsel, any relief to which Fitzgerald claims she is entitled under R.C. 2325.03 does not apply. Because the property was sold, the sale was confirmed, and the proceeds were distributed following Fitzgerald's June 8, 2022 motion requesting distribution, Fitzgerald's appeal is moot. *Provident Funding Assocs., L.P.*, 2014-Ohio-2529, at ¶ 6; *Blisswood Village Home Owners Assn.*, 2018-Ohio-1091, at ¶ 17.

{¶ 31} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR