[Cite as *In re Estate of Snodgrass*, 2024-Ohio-228.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| ESTATE OF ROBERT CARL | : | Hon. Craig R. Baldwin, J. |
| SNODGRASS (DECEASED) | : | Hon. Andrew J. King, J. |
| | : | |
| AND | : | |
| | : | |
| ESTATE OF EMMA J. | : | |
| SNODGRASS (DECEASED) | : | Case No. 23AP0008 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morgan County
Probate Court, Case Nos. 17PE0115
& 21PE0030


JUDGMENT:     Dismissed


DATE OF JUDGMENT:     January 22, 2024


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

DONALD E. WOOD                        DANIEL P. CORCORAN
4437 Wright Avenue                     424 Second Street
Whitehall, OH  43213                    Marietta, OH  45750

*King, J.*

{¶ 1} Donald Wood appeals the September 7, 2022 and August 2, 2023 judgments of the Morgan County Probate Court in the Matter of the Estate of Robert Carl Snodgrass and the Estate of Emma J. Snodgrass.

## Facts and Procedural History

{¶ 2} On December 6, 2005, Wood entered into two oil and gas leases with Robert Snodgrass. Wood then drilled two wells on the Snodgrass property.

{¶ 3} On April 12, 2012, Snodgrass filed an affidavit of forfeiture with the Morgan County Recorder's Office on both leases alleging Wood had violated the lease agreement.

{¶ 4} Seven months later, on January 18, 2013, Wood filed an affidavit of non-forfeiture arguing he did not violate the lease agreements and the leases were still good. Wood later removed his equipment and trailer from the Snodgrass property.

{¶ 5} In 2017, the Ohio Division of Oil and Gas advised Wood that he had not filed a "Form 7" which would have transferred the ownership and responsibility for the operation of the wells back to Snodgrass.

{¶ 6} On March 29, 2017, Wood sent a letter to Snodgrass asking him to file a Form 7, but received no response. Snodgrass died on July 2, 2017. Wood did not learn of his death until July of 2019.

{¶ 7} Wood then sent a letter to the power of attorney for Robert's surviving spouse Emma, along with a completed Form 7 which he asked her to sign and file with the Ohio Department of Oil and Gas. He received no response. Wood later learned Emma died on September 1, 2020.

{¶ 8}   In May of 2022, Wood was informed by the Ohio Department of Oil and Gas that both wells must be plugged and that he was responsible for doing so since their records reflected he is the owner of the wells.

{¶ 9}   On May 26, 2022, Wood filed a claim against the estates of Robert and Emma. On September 7, 2022 the probate court found the claim was barred by the six-month-rule contained in RC 2117.06(C).

{¶ 10}  Wood did not appeal the September 2, 2022 judgment entry.

{¶ 11}  Instead, on May 22, 2023 Wood filed with the Probate Court, a Notice to Reconsider, a Motion for Findings of Fact and Conclusions of Law, and a Motion to Toll Time from September 7, 2022 to May 8, 2023. In his motion to toll time Wood claimed he was never served with the court's September 7, 2022 judgment entry because it was sent to Columbus, Ohio instead of Whitehall, Ohio.

{¶ 12}  Counsel for the estate filed a response arguing (1) that the proper city for the zip code provided by Wood is Columbus; (2) that the September 2022 mailing was not returned to the clerk; (3) that Wood had made no efforts for eight months to inquire about the status of the matter, and (4) that a motion to reconsider is a nullity.

{¶ 13}  On June 7, 2023, counsel for the estate filed a supplemental response to Wood's motion to toll time. The supplemental response noted Wood received his mail service of a copy of counsel's previous response as evidenced by the green card signed by Wood, which was sent to Columbus, Ohio. Counsel for the estate attached a copy of the signed green card to the supplemental response.

{¶ 14}  On August 2, 2023, the probate court overruled each of Wood's motions. This is the second judgment Wood appeals from.

{¶ 15} On August 14, 2023, Wood filed a motion for leave to file a delayed appeal. The matter was assigned to the accelerated docket per Wood's request.

{¶ 16} On September 11, 2023, this court denied Wood's motion for leave to file a delayed appeal because the appellate rules do not provide for a delayed appeal in a civil case.

{¶ 17} On September 29, 2023, counsel for the estate filed a motion to dismiss the appeal as untimely, and further noting this court had already denied the motion for leave to file a delayed appeal. Wood replied, again arguing he was never served with the September 2022 judgment entry.

{¶ 18} Wood filed his brief on October 6, 2023. He raises three assignments of error as follow:

I

{¶ 19} "THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANT'S CLAIM IS BARRED BY O.R.C. §2117.06(C)."

II

{¶ 20} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO TOLL TIME FOR THE PERIOD SEPTEMBER 7, 2022 TO MAY 8, 2023."

III

{¶ 21} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO RECONSIDER."

{¶ 22} We do not reach the merits of Wood's appeal as we find the matter was ripe for review on September 7, 2022. The Probate Court's judgment was a final appealable order and Wood does not argue otherwise. Wood had 30 days to file an appeal and failed to do so. App.R. 4(A)(1). Timely filing is a jurisdictional requirement. Accordingly, we are without jurisdiction to consider Wood's untimely appeal.

{¶ 23} Moreover, while Wood did file a motion for leave to file a delayed appeal, App.R. 5(A)(1) does not provide for delayed appeals in civil cases. Additionally, Wood's May 22, 2023 motions filed with the Probate Court cannot serve to manufacture a timely appeal.

{¶ 24} But Wood argues Civ.R. 58(B) provides the thirty-day period only begins when the clerk actually serves a party. That rule states:

> (B) Notice of Filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).

{¶ 25} Wood argues his motion for findings of fact and conclusions of law serve as an exception to the running of time for the appeal pursuant to App.R. 4(B)(2)(c) which provides an exception when a party makes "a request for findings of fact and conclusions of law under Civ.R. 52, Juv.R. 29(F)(3), Civ.R. 53(D)(3)(a)(ii) or Juv.R. 40(D)(3)(a)(ii)." Applicable here is Civ.R. 52 which states in relevant part:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

{¶ 26} Wood's motion for findings of fact and conclusions of law was also grossly untimely. Wood could have requested findings of fact and conclusions of law before the entry of judgment and failed to do so. In any event, the August 2, 2023 judgment entry indicates the court had already made findings of fact and conclusions of law in its September 7, 2022 judgment entry.

{¶ 27} Finally, we note that the Supreme Court of Ohio has found "[o]nce the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal."

*Atkinson v. Grumman* Ohio Corp., 37 Ohio St.3d 80, 523 N.E.2d 851 (1988) at paragraph 2(c) of the syllabus, accord *In re Roberts*, 5th Dist. Guernsey No. 2005-Ohio-2672 ¶ 10.

{¶ 28} Wood does not argue that the clerk failed to mail notice nor that the clerk failed to make the appropriate notation in the docket. He argues the clerk mailed the notice to Columbus, Ohio, instead of Whitehall, Ohio. According to the record, however, the mailing was not returned to the clerk, and the United States Postal Service recommends using Columbus and not Whitehall for Wood's zip code. Additionally, Wood signed for service of another document sent to the Columbus, Ohio address.

{¶ 29} Appellee's motion to dismiss is well taken. For the foregoing reasons, the appeal is dismissed.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.

AJK/rw